22 Cal.Rptr. 192]

[Crim. No. 8037.  Second Dist., Div. Three.  May 31, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIE ED MADISON, Defendant and Appellant.

Willie Ed Madison, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—An indictment was returned accusing James Brown and "John Doe Willie (male Negro)," jointly, of the sale of marijuana, and accusing "John Doe Willie" of a separate sale of marijuana.  The indictment was amended by substituting James Bohannon for James Brown as the true name of the accused and Willie Ed Madison for John Doe Willie as the true name of the accused.  In a nonjury trial in which they were represented by the public defender, both were convicted as charged and Madison was sentenced to state prison, the terms to run concurrently.  Madison appealed in propria persona; he applied for appointment of counsel; we read the record, determined the appeal to be frivolous, extended Madison's time for filing a brief and none has been filed.

The People produced evidence of the following facts. Officer Franklin testified that on March 21, 1961, he and Bohannon went together to 1567 East 53rd Street in Los Angeles; they observed Madison lying on a bed.  Franklin bought three marijuana cigarettes from Madison for $1.50 and Bohannon bought one.  On March 23, Franklin, in the company of Officer Benjamin Franklin Smith, met Madison on East 53d Street, where Madison lived, and Smith arranged to purchase one-half can of marijuana.  Smith handed Madison one $5.00 bill, two $1.00 bills, a quarter, two dimes and a nickel.  Madison left for a short time, came back with a newspaper rolled up in his pocket which was given to Smith in return for the money.  The cigarettes which Franklin had purchased from defendant and

the newspaper package which Smith had received from defendant were delivered to and examined by a chemist and were admitted in evidence under a stipulation that the chemist would testify that they contained marijuana.

Both Madison and Bohannon testified and each denied having had any acquaintance or transaction with either of the officers.

This is but another of numerous hopeless appeals taken by defendants against the advice of their attorneys. Many of them are abandoned. The remainder are considered on the merits. Whatever the source of encouragement that sustains the practice, it accomplishes nothing but to build up false hopes in the appellant and put the county to needless expense which, on occasion, has amounted to as much as $650 for a reporter's transcript alone.

The judgment is affirmed.